**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 21-10252-tmd** |
| **WC 3RD AND TRINITY, LP,** | § | |
| | § | |
| **Debtor.** | § | **Chapter 7** |

**SECOND MOTION FOR AUTHORITY (I) TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND 363(f) AND (II) TO AUTHORIZE THE PAYMENT OF CLOSING FEES AND COSTS INCLUDING PAYMENT OF THE REALTOR COMMISSION PURSUANT TO 11 U.S.C. § 328**

**This pleading requests relief that may be adverse to your interests.**

**The Trustee anticipates requesting that this Motion be set for hearing on an expedited basis. A notice of hearing will be sent once the Court has set the hearing date.**

**Any response to this Motion should be filed and served prior to the hearing on this matter.**

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES RANDOLPH N. OSHEROW, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of WC 3rd and Trinity, LP ("Debtor"), and files this his *Second Motion for Authority (I) to Sell Property of the Estate Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. §§ 363(b) and 363(f) and (II) to Authorize the Payment of Closing Fees and Costs Including Payment of the Realtor's Commission Pursuant to 11 U.S.C. § 328* the "Motion"). The Trustee would show the Court the following:

**I.   SUMMARY**

1.     This is a single asset real estate case. Debtor claims fee title interest in a single piece of real estate (the "Real Property") which is encumbered by a lien in favor of Debtor's lender (the "Lender") and which is subject to a right of first refusal (the "ROFR"). The Trustee believes the value of the Real Property exceeds the amounts owed to Lender and all other scheduled

creditors in this bankruptcy estate.

2. The Trustee previously sought and obtained authority to sell the Real Property (*see* Dkt. No. 226). All three parties to whom the Trustee was authorized to sell the Real Property have declined to close on purchasing the Real Property.

3. By this Motion, the Trustee seeks approval to sell the Real Property to qualified purchaser DHA Capital, LLC ("DHA Capital") at the amount of $22,100,000.00 and a hearing (the "Sale Hearing") in open court as laid out herein. The Trustee also requests authority to pay certain closing expenses, fees, and the brokerage commission from the sales proceeds. Any remaining unpaid liens, claims, encumbrances, and interests shall attach to the net sale proceeds in the same priority and to the same extent as they currently exist and subject to all defenses and offsets thereto. The sale shall be made "as is, where is" with no representations or warranties of any kind. A detailed description of the proposed sale is set forth below.

## II. JURISDICTION AND STATUTORY PREDICATES

4. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates include 11 U.S.C. §§ 105(a), 328, 363, and 365(a) (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code") and Rules 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004 and 9014 of this Court's Local Rules of Bankruptcy Procedure ("Local Rules").

6. The Court has constitutional authority to enter a final order in this matter because the relief requested arises solely under the Bankruptcy Code.

### III.     BACKGROUND FACTS

7. The Trustee incorporates herein by reference the Background Facts laid out in paragraphs 8 through 18 of the original *Motion for Authority to Sell* [Dkt. No.167].

8. An entity known as 3rd TRI 2020, Ltd. ("TRI") asserts, and the Court has previously acknowledged, a right of first refusal (the "ROFR"). Pursuant to the ROFR, TRI is entitled to fifteen days' notice (the "ROFR Notice") of a purchase offer from a party unaffiliated with Debtor that the Trustee intends to accept relating to the Real Property. Pursuant to the terms of the ROFR, if TRI notifies the Trustee within fifteen days of its intent to purchase the Real Property in accordance with the terms of the purchase offer then TRI shall be entitled to close pursuant to those terms.

9. On May 26, 2022, the Trustee filed the *Motion for Authority to Sell* [Dkt. No. 167] requesting that an auction be held and that pursuant to the results of that auction he be authorized to sell the Real Property.

10. On July 20, 2022, the Court conducted an auction in open court. There were multiple qualified bidders. At the end of that auction, the winning bidder ("Winning Bidder") was declared to be Rising Tide Investments, LLC in the amount of $39,300,000.00. The backup bidder ("Backup Bidder") was declared to be NIA ATX, LLC in the amount of $39,200,000.00.

11. On July 22, 2022, the Court entered the order (the "Sale Order") [Dkt. No. 226] authorizing the sale of the Real Property to Winning Bidder, with authority to sell to TRI if Winning Bidder declined to close and to Backup Bidder if both Winning Bidder and TRI declined to close.

12. On August 19, 2022, Winning Bidder informed the Trustee that it would not close on the purchase of the Real Property [*see* Dkt. No. 262].

13. On August 31, 2022, TRI informed the Trustee that it would not close on the

purchase of the Real Property.

14. Pursuant to the terms of the Sale Order, the period for Backup Bidder to close was to be thirty days from the date that TRI declined to exercise its rights under the ROFR. On or about August 31, 2022, Backup Bidder also informed the Trustee that it would not close on the purchase of the Real Property.

15. The Trustee promptly instructed his realtor to solicit new purchase offers from prospective purchasers.

16. The Trustee has received a purchase offer (the "Purchase Offer") from DHA Capital ("Proposed Purchaser") in the amount of $22,100,000.00 (the "Proposed Price"). A true and correct copy of the Purchase Offer is attached hereto as **Exhibit 1**. It is the Trustee's understanding that Proposed Purchaser is not an affiliate of Debtor.

17. On September 10, 2022, via email to TRI's counsel of record and its principal, the Trustee notified TRI of his intent to accept the Purchase Offer, including providing TRI with a copy of the Purchase Offer.

18. On September 12, 2022, the Purchase Offer and a letter from the Trustee reiterating his intent to sell to the Proposed Purchaser under the Purchase Offer were sent via certified mail to the following addresses contained in the ROFR:

> Sanford L. Gottesman
>
> c/o Live Oak – Gotteseman LLC
>
> 4330 Gaines Ranch Loop, Suite 100
>
> Austin, Texas 78735

And

> Nick von Kreisler

> Kuperman, Orr & Albers, P.C.
>
> 2801 Via Fortuna, Suite 430
>
> Austin, Texas 78746.

19. The Trustee believes that Lender is owed approximately $6,800,000.00 (in this or such other amount as may be applicable on the date of closing on sale of the Real Property, "<u>Lender's Claim</u>"). The amount owed to Lender is subject to default interest rate and grows daily and rapidly.

### IV. PROPOSED SALE HEARING PROCEDURES

20. Subsequent to the failure of all authorized parties to close on the purchase of the Real Property pursuant to the Sale Order, the Trustee has received multiple offers for the Real Property.[1] The believes the Purchase Offer to be the one which combines substantial likelihood of ability and intent to close with size of offer.

21. As laid out herein, the proposed sale shall be done at a hearing (the "<u>Sale Hearing</u>") on this Motion, with the sale to be as is where is with no warranty except as to title. At the Sale Hearing, the Trustee intends to present the Purchase Offer from Proposed Purchaser for approval by the Court.

22. Should any other persons seek to offer what the Trustee considers to be a higher and better offer than the Purchase Offer, the Trustee requests that at the Sale Hearing the Court authorize him to sell to such purchaser in lieu of to Proposed Purchaser. The Trustee further requests that in the event that other offers are presented, the Court authorize such bid protections as may be necessary to prevent any prospective purchasers from declining to close on an approved purchase to the detriment of the bankruptcy estate. Whether to Proposed Purchaser at the Purchase

---

[1] One of the bids was in the amount of $23,000,000.00 from NIA ATX, LLC. Their decision to refuse to close as the Backup Bidder leads the Trustee to conclude that they cannot be trusted to as a purchaser of the Real Property.

Price or to some other offeror at some other price, the Trustee requests that the Court authorize the sale to the winning offeror (the "Winning Offer")[2] and contingent sale to backup offerors (the "Backup Offers") in the event that the Winning Offer fails to close on the purchase of the Real Property.

23. The Winning Offer must close within thirty (30) days of the Sale Hearing. In the event that the Winning Offer fails to close within thirty (30) days, the Trustee shall proceed to closing with the Backup Offers, proceeding in such fashion until a successful close on the sale of the Real Property to the final purchaser (the "Purchaser") is consummated.

24. The Trustee requests authority to pay Lender's Claim in full at closing, as well as any applicable taxes and closing costs. The Trustee further requests authority to pay Realtor's commission at closing.

25. The sale will be free and clear of any remaining liens, with any such liens attaching to the proceeds with the same priority and value as to the Real Property itself.

## V. REQUESTED RELIEF AND AUTHORITY

26. The Trustee requests approval of the sale of the Real Property to the Purchaser free and clear of all liens, claims, encumbrances and interests. In evaluating such a sale, a court must balance the need for flexibility with the concern of affected creditors. *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.*; *In re Beker Indus. Corp.*, 63 B.R. 474, 477-78 (Bankr. S.D.N.Y. 1986). Under the circumstances, the Trustee believes that the price

---

[2] Here, the Trustee includes in the term "Winning Offer" TRI in the event that it shall have exercised the ROFR.

to be paid by the Purchaser will be fair and reasonable and that a sale to the Purchaser for an amount in excess of Lender's Claim is in the best interest of the estate and its creditors.

27. Based on the available marketing process, and available information and advice received, the Trustee has determined that the proposed sales process will result is the highest price that the Real Property will command under these circumstances while minimizing the Estate's exposure to the daily increasing default interest amounts owed to Lender. The sale of the Real Property to the Purchaser should be approved.

28. All persons asserting an interest in any part of the Real Property are being provided notice of this sale motion. The claims of secured creditors are protected in that all such liens will attach to the net sale proceeds.

29. The sale of the Property free and clear of any interest is governed by § 363(f) of the Bankruptcy Code, which provides, in relevant part:

"The Trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –

1. Applicable nonbankruptcy law permits sale of such property free and clear of such interests:

2. Such entity consents;

3. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

4. Such interest is in bona fide dispute; or

5. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11 U.S.C. § 363(f). Furthermore, section 105(a) of the Bankruptcy Code grants the Court broad discretionary powers, provided that "[t]he Court may issue any order, process or judgment that is

necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105 (a).

30. One or more of the standards required by § 363(f) of the Bankruptcy Code will be met; for instance, with respect to Lender the anticipated sale will be for an amount in excess of the Lender's Claims. Further, all parties-in-interest will have sufficient opportunity to object to the Motion, and parties that do not object or withdraw any objection filed to the proposed sale or this Motion should be deemed to have given consent to the Motion and sale within the meaning of section 363(f)(2) of the Bankruptcy Code. *See In re Deep Marine Holdings, Inc.,* No. 09-39313, 2010 WL 5125278, at *4 (Bankr. S.D. Tex. June, 2010). In the case of TRI, the deadline for it to exercise its right of first refusal at $22,100,000.00 will be on or about September 27, 2022 and an order approving a sale other than that of the Purchase Offer can readily incorporate TRI's rights (if any) under the ROFR.

31. The Trustee requests authority to pay at closing the following closing expenses in connection with the sale: (i) the cost of a title policy; (ii) all outstanding *ad valorem* taxes (pro-rated for current year); (iii) the Lender's Claims; (iv) any other ordinary and usual closing expenses, and (v) any other miscellaneous fees, expenses and charges incurred by the Trustee in connection with the sale (collectively, the "Closing Costs").

32. Regarding the broker's commission to be paid at closing, the Realtor's compensation structure was developed to provide good value to the Estate while incentivizing the Realtor to obtain the best possible sales price. The Court approved a commission structure as follows:

> 3% of the gross purchase price if to a person not affiliated with the Debtor;
> 1.5% of the gross purchase price if to a person affiliated with the Debtor.

At this time and unless a higher and better offer is presented at the Sale Hearing, the proposed sale price is anticipated to be in the amount of $22,100,000.00 to a non-affiliate of Debtor.

33. The ad valorem taxes associated with the Property are to be paid at closing, including prorated taxes for 2022. The Trustee anticipates that there will be more than ample proceeds to pay any and all outstanding ad valorem property taxes.

34. With respect to any purported interests in the Real Property, the Trustee submits that the sales process laid out herein will provide more than ample opportunity for any persons holding such interests to assert those rights and participate in the sales process. TRI has been notified of the Purchase Offer.

## VI. GOOD FAITH PURCHASER

35. The proposed sale under this Motion is designed to ensure a fair process and sales price for the sale of the Real Property. Accordingly, the Trustee will request at the Sale Hearing that the Purchaser be afforded the protections under section 363(m) of the Bankruptcy Code, as a good faith purchaser.

## VII. NO STAY OF ORDER

36. Due to the timing exigencies faced by the Estate to liquidate the Real Property as soon as reasonably possible, the Trustee further requests, pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, that this Court waive the fourteen (14) day automatic stay of any Order granting this Motion and approving the sale of the Real Property to the Purchaser and provide that all relief granted therein be immediately available upon the entry of such orders.

## VIII. CONCLUSION

37. The Trustee respectfully requests that the Court (i) approve the sale of the Real Property free and clear of liens, claims, encumbrances and interests under 11 U.S.C. § 363(f) as

set forth above; (ii) approve the payment of the Closing Costs as set forth above; (iii) authorize the Trustee to execute all documents necessary to effectuate the sale; and (iv) grant the Trustee other just relief.

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com
By:/s/ *Brian T. Cumings*
      Brian T. Cumings
**COUNSEL FOR RANDOLPH
N. OSHEROW, CHAPTER 7 TRUSTEE**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served by the Court's ECF e-filing notification on all parties receiving such notices on September 12, 2022, by U.S. First Class Mail as reflected below and on the Service List appended herewith.

| | |
|---|---|
| Office of the United States Trustee<br>903 San Jacinto, Room 230<br>Austin, TX 78701 | Randolph N. Osherow, Chapter 7 Trustee<br>342 West Woodlawn, Suite 100<br>San Antonio, TX 78212 |
| WC 3rd and Trinity, LP<br>814 Lavaca St.<br>Austin, TX 78701-2316<br>*Debtor* | Mark H. Ralston<br>13155 Noel Rd.<br>Dallas, TX 75240<br>*Debtor's Counsel* |

By:*/s/ Brian T. Cumings*
      Brian T. Cumings
