**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 21-10252-tmd** |
| **WC 3RD AND TRINITY, LP,** | § | |
| | § | **Chapter 7** |
| Debtor. | § | |

**ORDER ON SECOND MOTION FOR AUTHORITY (I) TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND 363(f) AND (II) TO AUTHORIZE THE PAYMENT OF CLOSING FEES AND COSTS INCLUDING PAYMENT OF THE REALTOR COMMISSION PURSUANT TO 11 U.S.C. § 328**

CAME ON TO BE CONSIDERED the *Second Motion for Authority (I) to Sell Property of the Estate Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. §§ 363(b) and 363(f) and (II) to Authorize the Payment of Closing Fees and Costs Including Payment of the Realtor's Commission Pursuant to 11 U.S.C. § 328* [Dkt. No. ___] (the "Motion"), and the Court, being of the opinion that the Motion is well taken, will hereby approve same as set out herein.

3783280.v1

The Court finds as follows:

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Notice of the Motion and of the hearing on the Motion was proper and complied with applicable bankruptcy law and rules under the circumstances of this case, and no further notice is required.

4. Among the assets of estate are Debtor's rights and interests in the real property and related entitlements and improvements commonly known as 309 E. 3rd St., Austin, Texas 78701 and all personal property on the premises (the "Real Property").

5. All parties authorized to close on the purchase of the Real Property pursuant to the prior order of this Court [Dkt. No. 226] have declined to do so.

6. The follow-up sale process undertaken by the Trustee and his professionals with respect to the Real Property has been adequate and appropriate under the particular circumstances, and the purchase offer from DHA Capital, LLC ("DHA Capital") in the amount of $22,100,000.00 (the "Purchase Price") represents the highest and best proposal received by the Chapter 7 Trustee, thereby maximizing the value of the Real Property for the Debtor's Estate. Furthermore, the Purchase Price is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable laws of the United States or any of its jurisdictions or subdivision.

7. The sale of the Real Property to DHA Capital for the Purchase Price is in the best interest of the creditors, the estate, and all other parties in interest.

8. The Purchase Price and the terms of sale were negotiated by the Trustee and DHA Capital (the "Purchaser") without collusion, in good faith, and at arm's length. Neither the Trustee

2

nor the Purchaser has engaged in any conduct that would cause or permit the Purchase Price to be avoided under section 363(n) of the Bankruptcy Code. Neither Purchaser, nor any of its affiliates or representatives, is an "insider" of the Debtor as such term is defined in section 101(31) of the Bankruptcy Code.

9. The Purchaser is a good faith purchaser under 11 U.S.C. § 363(m) and is entitled to the protections of 11 U.S.C. § 363(m).

10. Further, given that the Purchaser is acquiring the Real Property free and clear of all liens, claims, and encumbrances pursuant to section 363(f), the Purchaser is not and cannot be a successor in interest to the Debtor as to any other creditor or other parties-in-interest as to such liens, claims, and encumbrances.

11. The consideration provided by the Purchaser (the "Purchase Price") under this Order is fair and reasonable, and the sale may not be avoided under 11 U.S.C. § 363(n).

12. Pursuant to the Order [Dkt. No. 165] approving the employment of Trustee's realtor (the "Realtor"), the Realtor is entitled to be paid a commission at closing equal to 3.0% of the Purchase Price.

**IT IS, THEREFORE, ORDERED**, that the Motion is Granted as set out herein.

**IT IS, FURTHERMORE, ORDERED** that all objections to the entry of this Order or to the relief granted herein, whether filed, stated on the record before the Court, or otherwise, which have not been withdrawn, waived, or settled, and all reservations of rights included therein, are denied and overruled on the merits except as laid out herein. All objections to the entry of this Order or to the relief granted herein that were not timely filed are hereby forever barred.

**IT IS, FURTHERMORE, ORDERED** that the Sales Contract submitted by the Purchaser to the Trustee (the "Purchase Offer") is hereby approved and the Trustee is authorized and directed to execute same.

**IT IS, FURTHERMORE, ORDERED** that, at closing of the sale of the Property to the Purchaser, the Trustee is authorized and directed to execute such documents necessary to effectuate the sale of the Property.

**IT IS, FURTHERMORE, ORDERED** that the sale of the Real Property to the Purchaser shall be made as is where is with no representations or warranties of any kind except as set forth in the Purchase Offer.

**IT IS, FURTHERMORE, ORDERED** that the secured claim of Lender (as that term is defined in the Motion) shall be satisfied at closing.

**IT IS, FURTHERMORE, ORDERED** that the Trustee is authorized to pay in full at closing, out of the sale proceeds, any delinquent real property ad valorem taxes assessed against the Real Property, and other ordinary and necessary costs of closing, including but not limited to the commission to the paid to the Realtor.

**IT IS, FURTHERMORE, ORDERED** that except as set forth in this Order, such sale shall be free and clear of all other liens, claims, encumbrances.

**IT IS, FURTHERMORE, ORDERED** that the Purchaser is hereby granted protections of good faith purchasers under 11 U.S.C. § 363(m).

**IT IS, FURTHERMORE, ORDERED** that the Realtor shall be paid at closing a commission equal 3% of the Purchase Price.

**IT IS, FURTHERMORE, ORDERED** that the 14-day stay requirements of Bankruptcy Rule 6004(h) are hereby **WAIVED**.

**IT IS, FURTHERMORE, ORDERED** that Purchaser shall timely make the deposits (the "Deposits") contemplated in the Purchase Offer.

**IT IS, FURTHERMORE, ORDERED** that should Purchaser fail to close on the Purchase of the Real Property it shall forfeit the Deposits, which shall thereby become the sole and exclusive property of the bankruptcy estate.

# # #

*Order Prepared by Counsel for Ch. 7 Trustee*

Brian T. Cumings
SBN 24082882
Graves Dougherty Hearon & Moody, P.C.
401 Congress Ave., Suite 2700
Austin, Texas 78701
512.480.5626
512.536.9926 (Fax)
Email: bcumings@gdhm.com